FISHER *v.* WILKERSON.

4-5611 132 S. W. 2d 827

Opinion delivered October 30, 1939.

---

*Harry Neelly,* for appellant.

*Gordon Armitage,* for appellee.

HOLT, J. Appellants bring this appeal from a foreclosure decree in the White chancery court.

On May 6, 1932, Rolsie Cox, now deceased, and his wife, Ollie Cox, executed a note to Neal Peebles in the sum of $265 and gave a deed of trust on certain real property in Searcy, Arkansas, as security.

On May 5, 1938, Neal Peebles, one of the appellants, brought suit on the note and sought foreclosure under the terms of his deed of trust. He named as defendants, Ollie Cox, widow of Rolsie Cox, and their four minor children, James H. Cox, Virgie Cox, Ethel Cox, and Pauline Cox, and T. A. Watkins, trustee in the deed of trust, and Golden Blount, who held a second mortgage on the property in question.

On September 12, 1938, a decree was entered awarding a judgment in favor of Peebles in the sum of $139.57 and the property ordered sold by O. L. Fisher, appointed by the court as commissioner to make the sale. The property was properly advertised and sold to appellee, W. N. Wilkerson, for $172.50, and in due course this sale was confirmed by the court, the commissioner was ordered to prepare a deed and, quoting from the decree, ''that upon the payment of the costs the commissioner is directed to make a deed to the purchaser and present same to the court for suitable action thereon.'' When this deed was tendered to the purchaser; Wilkerson, by the commissioner, Fisher, Wilkerson refused to accept it.

The commissioner, O. L. Fisher, then filed petition in the cause seeking to compel Wilkerson to comply with his bid and accept deed to the property. To this petition appellee, Wilkerson, filed an answer, or a response, and asked that same be dismissed because the decree of foreclosure was void. The chancellor entered a decree dismissing the commissioner's petition for want of equity, and from this decree comes this appeal.

It is earnestly insisted here by appellants that inasmuch as the decree of foreclosure was rendered in this case on September 12, 1938, the regular term of court

having expired thereafter on the second Monday in December, 1938, the decree became final and the attack upon it by the purchaser, appellee Wilkerson, is a collateral and not a direct attack, and that, therefore, the chancellor had no authority to set the decree aside and that Wilkerson is bound by its provisions and must be required to comply with his bid.

We cannot agree with this contention of appellants.

While the foreclosure decree did recite that the four minor children of the deceased, Rolsie Cox, and his wife, Ollie Cox, were duly served with summons, an attorney *ad litem* duly appointed to defend for them and that a proper answer was filed in their behalf, it stands undisputed in the record before us that no summons was ever had upon these minor defendants in compliance with § 1370 of Pope's Digest. No guardian *ad litem* was ever appointed to represent these minor defendants, nor was any answer filed on behalf of said minors by anyone in compliance with § 1330 of Pope's Digest.

While it is true that appellee Wilkerson's attack on the foreclosure decree of September 12, 1938, was not made until after the expiration of the term in which the foreclosure decree was entered, the chancellor never lost control over this cause, but specifically, in the last paragraph of the foreclosure decree, retained control for further orders and proceedings in the following words: "And the court doth retain control of this cause for such further orders as may be proper and necessary to enforce the rights of the parties hereto, as herein adjudged, and the rights of such others as may hereinafter become parties to this action by proper proceedings."

The parties to this cause have never changed. The petition filed by Commissioner Fisher in which he sought to compel appellee Wilkerson, the purchaser at the foreclosure sale, to accept the deed, was a proceeding in the same suit. Appellee Wilkerson's answer to this petition and motion to dismiss same was in the nature of a direct attack on the decree in question, setting up that the decree was void for the reasons that the minors in question had never been legally served with

process, and no answer had ever been made for them by a proper guardian *ad litem* or anyone else.

It is our view that the chancellor clearly acted within his power and discretion in dismissing the interventions of O. L. Fisher and Neal Peebles since he had retained control of the cause until all necessary and final orders had been made. Certainly the matter was not finally closed until the commissioner, Fisher, had executed and delivered a deed to appellee, Wilkerson, upon final order and approval of the chancellor.

We conclude, therefore, that the decree of the chancellor is correct and accordingly we affirm.